# Supreme Court of Florida

---

No. SC22-1

---

**IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE, FLORIDA FAMILY LAW RULES OF PROCEDURE, AND FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS.**

July 14, 2022

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Juvenile Procedure, the Florida Family Law Rules of Procedure, and Florida Supreme Court Approved Family Law Forms 12.980(a), (f), (n), (q), and (t). The proposed amendments, which we adopt with substantial modifications, provide permanent and broader authorization for the remote conduct of certain court proceedings in the areas of delinquency, dependency, and family law.[1]

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

## I.  BACKGROUND

Following the onset of the COVID-19 pandemic in 2020, the Court established the Workgroup on the Continuity of Court Operations and Proceedings During and After COVID-19 (Workgroup) "to develop findings and recommendations on the continuation of all court operations and proceedings statewide in a manner that protects health and safety and that addresses each [phase] of the pandemic." *In re: Workgroup on the Continuity of Court Operations and Proceedings During and After COVID-19*, Fla. Admin. Order No. AOSC20-28 (April 21, 2020).  The Workgroup was also directed to "[i]dentify whether certain proceedings, due to efficiencies beneficial to stakeholders, could continue to be conducted remotely when COVID-19 no longer presents a significant risk to public health and safety," and the Workgroup was authorized to propose the necessary rule amendments.  *Id.*; *see also In re: Workgroup on the Continuity of Court Operations and Proceedings During and After COVID-19*, Fla. Admin. Order No. AOSC20-110 (November 23, 2020).

The Workgroup determined that permanent, broader authorization for remote proceedings was warranted based on the

- 2 -

positive outcomes and efficiencies observed during the pandemic. While working to refine its proposals, however, the Workgroup identified the need for greater subject matter expertise for the proposed amendments in the areas of delinquency, dependency, and family law.[2] Therefore, the Chief Justice referred responsibility for the review, revision, and finalization of proposed amendments in these areas to the Steering Committee on Families and Children in the Court (Steering Committee). The Steering Committee was instructed to seek input from the Juvenile Court Rules Committee and the Family Law Rules Committee of The Florida Bar before filing its petition.

After the Steering Committee filed the petition at issue in this case, the Court published the proposed amendments for comment.

---

2. The Workgroup's petition and proposed amendments for the permanent, broader authorization of the remote conduct of certain court proceedings are addressed in our decision in *In re Amendments to Florida Rules of Civil Procedure, Florida Rules of General Practice & Judicial Administration, Florida Rules of Criminal Procedure, Florida Probate Rules, Florida Rules of Traffic Court, Florida Small Claims Rules, & Florida Rules of Appellate Procedure*, No. SC21-990 (July 14, 2022), which is also released today.

Seven comments were received, and the Steering Committee filed a response to the comments.

Having considered the proposed amendments, the comments, and the Steering Committee's response, the Court hereby adopts, with changes, the Steering Committee's proposals as modified in response to the comments. We discuss some of the significant amendments below as well as the significant changes to the Steering Committee's proposals.

## II. AMENDMENTS

New Florida Rule of Juvenile Procedure 8.001 (Communication Technology) exempts proceedings governed by the Florida Rules of Juvenile Procedure from Florida Rule of General Practice and Judicial Administration 2.530 (Communication Technology). Then, new Florida Rule of Juvenile Procedure 8.002 (Definitions) defines "Appear or Appearance" to mean "[t]he presentation of oneself before the court in person or via communication technology." And amendments to Florida Rules of Juvenile Procedure 8.100 (General Provisions for Hearings) and 8.255 (General Provisions for Hearings) provide for the remote and hybrid conduct of certain delinquency and dependency hearings. Under amended rules 8.100 and 8.255,

- 4 -

evidentiary proceedings must be conducted in person unless the parties agree, or the court orders for good cause shown, that the proceedings be conducted remotely or in a hybrid format. Other proceedings may be conducted remotely or in a hybrid format upon agreement of the parties or court order. And parties who participate remotely or in a hybrid format must be able to privately communicate with counsel.

The Court declines to adopt the Steering Committee's proposed amendments to Florida Rules of Juvenile Procedure 8.224 (Permanent Mailing Address) and 8.400 (Case Plan Development). However, we amend Florida Rule of Juvenile Procedure 8.225(f) (Notice and Service of Pleadings and Papers) to resemble the amendments to Florida Rule of General Practice and Judicial Administration 2.516 (Service of Pleadings and Documents) adopted in Case No. SC21-990, which require non-represented parties to participate in e-mail service unless in custody or excused after declaring a lack of an e-mail account or regular internet access.

Next, as suggested by the Alternative Dispute Resolution Committee, Florida Rule of Juvenile Procedure 8.290 (Dependency Mediation) is amended to conform to its civil and appellate

counterparts by expressly authorizing the use of communication technology in dependency mediation.

Regarding the Florida Family Law Rules of Procedure, the Court declines to adopt the Steering Committee's proposal for new rule 12.026 (Communication Technology). Since we do not adopt this proposed rule 12.026, remote family law proceedings will be governed by rule 2.530, like all other civil proceedings. This will ensure that the rules governing remote proceedings are more uniformly implemented across most case types. Moreover, the proposal for a new rule 12.026 would not have safeguarded any rights or interests unique to family law matters, and the Steering Committee's petition does not explain why a separate rule that is slightly different from rule 2.530 is needed for family law cases.

Additionally, the Court adopts modified versions of the Steering Committee's proposals for Florida Family Law Rules of Procedure 12.310 (Depositions Upon Oral Examination), 12.320(b) (Officer to Take Responses and Prepare Record), 12.410(e) (Subpoena for Taking Depositions), 12.430(d) (Juror Participation Through Audio-Video Communication Technology), 12.440(b) (Notice for Trial), and 12.740 (Family Mediation), which are modified

for greater consistency with the amendments adopted in Case No. SC21-990.  Also, at the suggestion of the Family Law Section of The Florida Bar, we remove language in rule 12.740 that had unnecessarily required each party's counsel to sign a mediation agreement.

Finally, the Court amends Florida Supreme Court Approved Family Law Forms 12.980(a), (f), (n), (q), and (t) as proposed by the Steering Committee.

## III.  CONCLUSION

Accordingly, the Florida Rules of Juvenile Procedure and the Florida Family Law Rules of Procedure are amended as set forth in the appendix to this opinion, with new language underscored and deletions in struck-through type.  The amended Florida Supreme Court Approved Family Law Forms 12.980(a), (f), (n), (q), and (t) are adopted as set forth in the appendix to this opinion, fully engrossed.  The amendments to the rules and the amended forms shall become effective October 1, 2022, at 12:01 a.m.  The amended forms may be accessed and downloaded from the Florida State Courts' website at https://www.flcourts.org/Resources-Services/Office-of-Family-Courts/Family-Courts/Family-Law-

Forms. By amending the forms, we express no opinion as to their correctness or applicability.

We thank the Steering Committee for its attention to this important matter. We also extend our appreciation to the commenters.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, LAWSON, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure and Florida Family Law Rules of Procedure

Judge Hope T. Bristol, Chair, Steering Committee on Families and Children, Fort Lauderdale, Florida, and Avron Bernstein, Senior Attorney, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Stephanie C. Zimmerman, Chair, Juvenile Court Rules Committee, Bradenton, Florida, and Candice K. Brower, Past Chair, Juvenile Court Rules Committee, Gainesville, Florida; Michael V. Andriano, Chair, Family Law Rules Committee, Orlando, Florida, and Ashley Elizabeth Taylor, Past Chair, Family Law Rules Committee, Tampa, Florida; Philip S Wartenberg, Chair, Family Law Section of The Florida Bar, Tampa, Florida, Heather L. Apicella, Past Chair, Family Law Section of The Florida Bar, Boca Raton, Florida, Kristin R.H. Kirkner, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Tampa, Florida, and Tenesia C. Hall, Co-Chair, Rules and Forms Committee, Family Law Section of The

Florida Bar, Orlando, Florida; Gary S. Lesser, President, Board of Governors, West Palm Beach, Florida, Michael G. Tanner, Past President, Board of Governors, Jacksonville, Florida, Joshua E. Doyle, Executive Director, Krys Godwin and Mikalla Andies Davis, Staff Liaisons, The Florida Bar, Tallahassee, Florida; Judge Mike Murphy, Orlando, Florida; Judge Michael S. Orfinger, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Daytona Beach, Florida, and Thomas A. David, Chief, Dispute Resolution Center, Tallahassee, Florida; and Howard L Dimmig, II and Benjamin Eisenberg, on behalf of the Florida Public Defender Association, Inc., Bartow, Florida,

Responding with comments

**Appendix**

## RULE 8.001. COMMUNICATION TECHNOLOGY

Rule 2.530 of the Florida Rules of General Practice and Judicial Administration does not apply to proceedings governed by these rules.

## RULE 8.002. DEFINITIONS

Unless otherwise modified by a specific rule of procedure, the following terms have the meanings shown:

**(a) Appear or Appearance.** The presentation of oneself before the court in person or via communication technology.

**(b) Audio Communication Technology.** Technology that consists of electronic devices, system, applications, and platforms that permit all participants to hear and speak to all other participants in real time.

**(c) Audio-Video Communication Technology.** Technology that consists of electronic devices, system, applications, and platforms that permit all participants to hear, see, and speak to all other participants in real time.

**(d) Communication Technology**. Technology that includes audio communication technology or audio-video communication technology.

**(e) Hybrid Proceeding or Conducted in a Hybrid Format**. Any hearing, trial, status conference, or other proceeding conducted using communication technology with some parties, participants, witnesses, or counsel being physically present in the courtroom or hearing room and some parties, participants, witnesses, or counsel not being physically present in the courtroom or hearing room.

**(f)    In Person Proceeding or Conducted In Person.** Any hearing, trial, status conference, or other proceeding conducted by a judge or magistrate with the parties, participants, witnesses, and counsel being physically present in the courtroom or hearing room.

**(g)    Location or Place.** The physical or virtual site where a proceeding, hearing, or event is conducted.

**(h)    Present or Presence.** The act of appearing before the court in person or via communication technology.

**(i)    Remote Proceeding or Conducted Remotely.** Any hearing, trial, status conference, or other proceeding conducted in whole using communication technology with the parties, participants, witnesses, and counsel not being physically present in the courtroom or hearing room.


**RULE 8.010.    DETENTION HEARING**

**(a)    When Required.** No detention order provided for in rule 8.013 shall be entered without a hearing at which all parties shall have an opportunity to be heard on the necessity for the child's being held in detention, unless the court finds that the parent or custodian cannot be located or that the child's mental or physical condition is such that a court appearance is not in the child's best interest. The court may permit any party subject to rule 8.010(a) to appear before the court via any approved audio-video communication technology unless the court determines that a party's appearance by audio-video communication technology is not in the best interest of the child. If detention proceedings are held remotely via audio-video communication technology, the physical presence of the child or other participants is not required but if the child is not physically present, the child must have access to contemporaneous and confidential communication with counsel.

**(b)-(c)** [No Change]

**(d)    Notice.** The intake officer shall make a diligent effort to notify the parent or custodian of the child of the time and place of the hearing. The notice must indicate whether appearance via communication technology is permitted. The notice may be by the most expeditious method available. Failure of notice to parents or custodians or their nonattendance at the hearing shall not invalidate the proceeding or the order of detention.

**(e)-(h)** [No Change]

**(i)    Presence of Counsel.** The state attorney or assistant state attorney and public defender or assistant public defender shall attend the detention hearing as permitted by these rules. Detention hearings shall be held with adequate notice to the public defender and state attorney. An official record of the proceedings shall be maintained. If the child has retained counsel or expresses a desire to retain counsel and is financially able, the attendance of the public defender or assistant public defender is not required at the detention hearing.

## RULE 8.015.   ARRAIGNMENT OF DETAINED CHILD

**(a)** [No Change]

**(b)    Notice.**

(1)    Personal appearance either by physical presence or via audio-video communication technology of any person in a hearing before the court shall obviate the necessity of serving process on that person.

(2)-(4) [No Change]

**Committee Notes**

- 12 -

[No Change]

## RULE 8.040.  PROCESS

**(a)  Summons.**

(1)  Upon the filing of a petition upon a child who is not detained by order of the court, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified, or if appearance is via communication technology then the summons shall provide instructions as to how to attend the hearing. The time of the hearing shall not be less than 24 hours after service of the summons. The summons shall require the custodian to produce the child at the said time and place. A copy of the delinquency petition shall be attached to the summons.

(2)  A party may consent to service or summons by e-mail by providing a primary e-mail address to the clerk of court.

(2)(3) If the child is being detained by order of the court, process shall be in accordance with the rule pertaining to the arraignment of a detained child.

**(b)** [No Change]

### Committee Notes

[No Change]

## RULE 8.045.  NOTICE TO APPEAR

**(a)    Definition.** A notice to appear, unless indicated otherwise, means a written order issued by a law enforcement officer or authorized agent of the department, in lieu of taking a child into custody or detaining a child, which requires a child accused of violating the law to appear in a designated court or governmental office at a specified date and time. The notice must indicate whether appearance via communication technology is permitted.

**(b)-(h)** [No Change]

### Committee Notes

[No Change]

### RULE 8.100.    GENERAL PROVISIONS FOR HEARINGS

Unless otherwise provided, the following provisions apply to all hearings:

**(a)-(d)** [No Change]

**(e)    Conducting Hearings.** Except as otherwise provided in these rules, proceedings must be conducted as follows.

(1)    Evidentiary proceedings must be conducted in person unless the parties agree that a proceeding should be conducted remotely or conducted in a hybrid format, or the court so orders upon good cause shown.

(2)    All other proceedings may be conducted remotely or in a hybrid format upon agreement of the parties or by court order unless good cause is otherwise shown.

(3)    The court may consider the following factors in determining whether good cause exists: the consent of the parties, the time-sensitivity of the matter, the nature of the relief sought,

- 14 -

the resources of the parties, the anticipated duration of the testimony, the need and ability to review and identify documents during testimony, the probative value of the testimony, the geographic location of the witnesses, the cost and inconvenience in requiring the physical presence of the witnesses, the need for confrontation of the witnesses, the need to observe the demeanor of the witnesses, the potential for unfair surprise, and any other matter relevant to the request.

(4)    A party who participates in a hearing conducted remotely or conducted in a hybrid format must be given the opportunity to privately and confidentially communicate with counsel during the proceedings.

**(f)    Taking Testimony.**

(1)    *Testimony at a Hearing or Trial.* When testifying at a hearing or trial, a witness must be physically present unless otherwise provided by law or these rules.

(2)    *Remote Testimony.* Upon stipulation of the parties, or upon motion of a party for good cause shown, the court may permit a witness to testify at delinquency proceedings by contemporaneous audio-video communication technology that makes the witness visible during the testimony to all parties, the judge, and any other necessary persons.  In determining good cause, the court must consider whether the child's right to confrontation is preserved.

(3)    *Administration of the Oath.* Before testimony may be presented through audio-video communication technology, the oath must be administered to the witness as provided in this subdivision.

(i)    Person Administering the Oath is Physically Present with the Witness. An oath may be administered to a witness testifying through communication technology by a person who is physically present with the witness if the person is authorized to

administer oaths in the witness's jurisdiction and the oath is administered consistent with the laws of that jurisdiction.

(ii)    Person Administering the Oath is not Physically Present with the Witness. An oath may be administered to a witness testifying through audio-video communication technology by a person who is not physically present with the witness if the person is authorized to administer oaths in the State of Florida and the oath is administered through audio-video communication technology in a manner consistent with the general laws of the State of Florida. If the witness is not located in the State of Florida, the witness must consent to be bound by an oath administered under the general laws of the State of Florida.

(eg)    **Continuances.** [No Change]

(fh)    **Record of Testimony.** [No Change]

(gi)    **Notice.** [No Change]

**RULE 8.104.    TESTIMONY BY CLOSED-CIRCUIT TELEVISION OR AUDIO-VIDEO COMMUNICATION TECHNOLOGY**

(a)    **Requirements for Use.** In any case the trial court may order the testimony of a victim or witness under the age of 16 to be taken outside the courtroom and shown by means of closed-circuit television or, at the discretion of the court, by audio-video communication technology if on motion and hearing in camera, the trial court determines that the victim or witness would suffer at least moderate emotional or mental harm due to the presence of the defendant child if the witness is required to testify in open court.

(b) [No Change]

(c)    **Person Who May Be Present During Testimony.** Only the judge, prosecutor, witness or victim, attorney for the witness or

victim, defendant child's attorney, operator of the equipment, an interpreter, and some other person who in the opinion of the court contributes to the well-being of the victim or witness and who will not be a witness in the case may be in the room or remote hearing room during the recording of the testimony.

**(d)** **Presence of Defendant Child.** During the testimony of the victim or witness by closed-circuit television or other audio-video communication technology, the court may require the defendant child to view the testimony from the courtroom or via audio-video communication technology. In such case, the court shall permit the defendant child to observe and hear the testimony, but shall ensure that the victim or witness cannot hear or see the defendant child. The defendant child's right to assistance of counsel, which includes the right to immediate and direct communication with counsel conducting cross examination, shall be protected and, on the defendant child's request, such communication shall be provided by any appropriate electronic method.

**(e)-(f)** [No Change]

### Committee Notes

[No Change]

## RULE 8.150.   CONTEMPT

**(a)** [No Change]

**(b)** **Direct Contempt.** After a hearing, a contempt may be punished immediately if the court saw or heard the conduct constituting the contempt that was committed in the actual presence of the court. The child has a right to legal counsel and the right to have legal counsel appointed by the court if the child is

indigent. The court must inform the child as to the basis for the contempt by reciting the facts on which the contempt is based. Before the adjudication of guilt the court must inquire as to whether there is any cause to show why the child should not be adjudged guilty of contempt by the court and sentenced therefor. The child must be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment must be signed by the court and entered of record. Sentence must be pronounced in open court.

**(c)** [No Change]


**RULE 8.225.   PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS**

**(a)   Summons and Subpoenas.**

(1)-(2) [No Change]

(3)   *Service of Summons and Other Process to Persons Residing in the State.* The summons and other process shall be served upon all parties other than the petitioner as required by law. The summons and other process may be served by authorized agents of the department or the guardian ad litem.

(A)-(B) [No Change]

(C)   Personal appearance, either physically or by audio-video communication technology, of any person in a hearing before the court eliminates the requirement for serving process upon that person.

(4)   *Service of Summons and Other Process to Persons Residing Outside of the State in Dependency Proceedings.*

(A)-(C) [No Change]

(D)    Personal appearance, either physically or by audio-video communication technology, of any person in a hearing before the court eliminates the requirement for serving process upon that person.

(5) [No Change]

**(b)-(e)** [No Change]

**(f)    Notice and Service of Pleadings and Papers.**

(1)-(4) [No Change]

(5)    *Method of Service.* When service is required or permitted to be made upon a party or participant represented by an attorney, service shall be made upon the attorney unless service upon the party or participant is ordered by the court.

(A) [No Change]

(B)    Service by Electronic Mail ("e-mail"). Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.

(i)-(ii) [No Change]

(iii)    Service on and by Parties Not Represented by an Attorney. Unless excused pursuant to subdivision (f)(5)(B)(iv), aAny party not represented by an attorney maymust serve a designation of a primary e-mail address and also may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding. If a party not represented by an attorney does not designate an e-mail address for

~~service in a proceeding, service on and by that party must be by the means provided in subdivision (c)(6) of this rule.~~

(iv) Exceptions to E-mail Service on and by Parties Not Represented by an Attorney.

a. A party who is in custody and who is not represented by an attorney is excused from the requirements of e-mail service.

b. The clerk of court must excuse a party who is not represented by an attorney from the requirements of e-mail service if the party declares on Florida Rule of General Practice and Judicial Administration Form 2.601, under penalties of perjury, that the party does not have an e-mail account or does not have regular access to the Internet.

If a party not represented by an attorney is excused from e-mail service, service on and by that party must be by the means provided in subdivision (f)(6).

~~(iv)~~(v) [No Change]

~~(v)~~(vi) [No Change]

(6) *Service by Other Means.* In addition to, and not in lieu of, service by e-mail, service may also be made upon attorneys and parties not represented by an attorney by any of the means specified in this subdivision. If a document is served by more than one method of service, the computation of time for any response to the served document ~~shall~~must be based on the method of service that provides the shortest response time. Service on and by all parties and participants who are not represented by an attorney and who ~~do not designate an e-mail address~~are excused from e-mail service, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or participant at their permanent mailing address if one has been provided to the court or to the party, participant, or attorney at their last known address or, if no address is known, by

leaving it with the clerk of the court. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:

(A)-(E) [No Change]

(F)     Service by delivery ~~shall be~~is deemed complete on the date of the delivery.

(7)-(10) [No Change]

(11)  *Service of Orders.*

(A)     A copy of all orders or judgments must be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. No service need be made on parties against whom a default has been entered except orders setting an action for trial and final judgments that must be prepared and served as provided in subdivision (c)(11)(B). The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment. The court may serve any order or judgment by e-mail to all attorneys <u>and parties not represented by an attorney</u> who have not been excused from e-mail service ~~and to all parties not represented by an attorney who have designated an email address for service~~.

(B)-(C) [No Change]

**RULE 8.255.   GENERAL PROVISIONS FOR HEARINGS**

**(a)-(d)** [No Change]

<u>**(e)    Conducting Hearings.** Except as otherwise provided in these rules, proceedings must be conducted as follows.</u>

(1)     Evidentiary proceedings must be conducted in person unless the parties agree that a proceeding should be conducted remotely or conducted in a hybrid format, or the court orders it upon good cause shown.

(2)     All other proceedings may be conducted remotely or in a hybrid format upon agreement of the parties or by court order unless good cause is otherwise shown.

(3)     The court may consider the following factors in determining whether good cause exists: the consent of the parties, the time-sensitivity of the matter, the nature of the relief sought, the resources of the parties and the court, the anticipated duration of the testimony, the need and ability to review and identify documents during testimony, the probative value of the testimony, the geographic location of the witnesses, the cost and inconvenience in requiring the physical presence of the witnesses, the need for confrontation of the witnesses, the need to observe the demeanor of the witnesses, the potential for unfair surprise, and any other matter relevant to the request.

(4)     A party who participates in a hearing conducted remotely or conducted in a hybrid format must be given the opportunity to privately and confidentially communicate with counsel during the proceedings.

**(f)     Taking Testimony.**

(1)     *Testimony at a Hearing or Trial.* When testifying at a hearing or trial, a witness must be physically present unless otherwise provided by law or these rules. This rule shall not apply to statutory requirements for parents to personally appear at arraignment hearings, advisory hearings, and adjudicatory hearings.

(2)     *Communication Technology.* The court may permit a witness to testify at a hearing or trial by communication technology:

(A)    when the proceeding is conducted remotely or conducted in a hybrid fashion as permitted by this rule;

(B)    by agreement of the parties; or

(C)    for good cause shown upon written or oral request of a party. The request must contain an estimate of the length of the proposed testimony. In considering sufficient good cause, the court may weigh and address in its order or its ruling on the record the reasons stated for testimony by communication technology against the potential for prejudice to the objecting party.

(3)    *Oath*. Testimony may be taken through audio communication technology only if a notary public or other person authorized to administer oaths in the witness's jurisdiction is physically present with the witness and administers the oath consistent with the laws of the jurisdiction. If testimony is provided at the hearing via audio-video communication technology, the witness may also be sworn remotely using such audio-video communication technology by a person who is qualified and administers the oath consistent with the laws of the witness's jurisdiction or Florida. The oath procedures of this subdivision are not required for hearings where, by law, the court may consider any evidence to the extent of its probative value even though not competent in an adjudicatory hearing and where the parties and the court agree to waive these oath procedures.

**(eg)  Invoking the Rule.** [No Change]

**(fh)  Continuances.** [No Change]

**(gi)  Record.** [No Change]

**(hj)  Notice.** [No Change]

**(ik)  Written Notice.** [No Change]

**Committee Notes**

- 23 -

## RULE 8.257.   GENERAL MAGISTRATES

**(a)–(c)** [No Change]

**(d)   Hearings.**

(1)-(2) [No Change]

(3)    The general magistrate shall have authority to examine under oath the parties and all witnesses on all matters contained in the referral, to require production of all books, papers, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general magistrate may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general magistrate shall have the same powers as a circuit judge to use ~~communications equipment~~communication technology as defined and regulated by Florida Rules of Juvenile Procedure 8.001 and 8.002~~General Practice and Judicial Administration 2.530~~.

(4) [No Change]

**(e)–(h)** [No Change]

## RULE 8.285.   CRIMINAL CONTEMPT

**(a)   Direct Contempt.** A contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the ~~actual~~ presence of the court. The judgment of guilt of contempt must include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the court must inform the person accused of the accusation and inquire as to whether there is any cause to

show why he or she should not be adjudged guilty of contempt by the court and sentenced. The accused must be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment must be signed by the court and entered of record. Sentence must be pronounced in open court.

**(b)** [No Change]

## RULE 8.290.   DEPENDENCY MEDIATION

**(a)-(c)** [No Change]

**(d)    Referral.** Except as provided by this rule, all matters and issues described in subdivision (a)(1) may be referred to mediation. All referrals to mediation must be in written form, advise the parties of their right to counsel, ~~and~~ set a date for hearing before the court to review the progress of the mediation, and may provide that mediation be conducted in person, by communication technology, or by a combination thereof. Absent direction in the referral, mediation must be conducted in person, unless the parties stipulate or the court, on its own motion or on motion by a party, otherwise orders that the proceeding be conducted by communication technology or by a combination of communication technology and in-person participation. The mediator or mediation program must be appointed by the court or stipulated to by the parties. If the court refers the matter to mediation, the mediation order must address all applicable provisions of this rule. The mediation order must be served on all parties and on counsel under the provisions of these rules.

**(e)-(k)** [No Change]

**(*l*)    Appearances.**

(1)    *Order Naming or Prohibiting Attendance of Parties.* The court must enter an order naming the parties and the participants who must appear at the mediation and any parties or

participants who are prohibited from <u>appearing at</u><s>attending</s> the mediation. Additional participants may be included by court order or by mutual agreement of all parties. <u>The order may provide for mediation to be conducted in person, by communication technology, or a combination thereof.</u>

(2)    *<s>Physical</s> Presence of Adult Parties and Participants*. Unless otherwise agreed to by the parties or ordered by the court, any party or participant ordered to mediation must be <s>physically</s> present at the mediation conference <u>either in person or, if permitted by court order or written stipulation of the parties, via communication technology</u>. Persons representing an agency, department, or program must have full authority to enter into an agreement that is binding on that agency, department, or program. In the discretion of the mediator, and with the agreement of the attending parties, dependency mediation may proceed in the absence of any party or participant ordered to mediation.

(3)-(5) [No Change]

**(m)-(n)** [No Change]

**(*o*)    Report on Mediation.**

(1)    If agreement is reached on all or part of any matter or issue, including legal or factual issues to be determined by the court, the agreement must be immediately reduced to writing, signed by the attending parties, and promptly submitted to the court by the mediator with copies to all parties and counsel. <u>Signatures may be original, electronic, or facsimile, and may be in counterparts.</u>

(2) [No Change]

**(p)-(q)** [No Change]

**Committee Notes**

[No Change]

**RULE 8.305.   SHELTER PETITION, HEARING, AND ORDER**

**(a)** [No Change]

**(b)   Shelter Hearing.**

(1)-(5) [No Change]

(6) The court shall advise the parent or legal custodian of:

(A)-(C) [NO CHANGE]

(D) <u>the importance of the parents' or legal custodians' active participation in subsequent proceedings and hearings as well as </u>the time, date, and location of the next hearing <u>or the communication technology information or conference line phone number to enable them to attend the next hearing remotely</u><s>and of the importance of the parents' or legal custodians' active participation in subsequent proceedings and hearings</s>.

(7)-(15) [No Change]

**(c)-(d)** [No Change]


**RULE 8.315.   ARRAIGNMENTS AND PREHEARING CONFERENCES**

**(a)-(b)** [No Change]

**(c)   Prehearing Conference.** Before any adjudicatory hearing, the court may set or the parties may request that a prehearing conference be held to determine the order in which each party may present witnesses or evidence, the order in which cross-examination and argument shall occur, <u>which witnesses will be</u>

- 27 -

physically present and which will appear via communication technology, how a remote witness's identity will be confirmed, and any other matters that may aid in the conduct of the adjudicatory hearing to prevent any undue delay in the adjudicatory hearing. The court may also enter findings on the record of any stipulations entered into by the parties and consider any other matters that may aid in the conduct of the adjudicatory hearing.

**(d)** [No Change]

## Committee Notes

[No Change]

## RULE 8.330.   ADJUDICATORY HEARINGS

**(a)–(b)** [No Change]

**(c)   Presence of Parties.** All parties have the right to be present at all hearings. A party may appear in person or, at the discretion of the court for good cause shown, by ~~an audio or audiovisual device~~communication technology. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law. If a person appears for the arraignment hearing and the court orders that person to personally appear at the adjudicatory hearing for dependency, stating the date, time, and place of the adjudicatory hearing, then that person's failure to appear for the scheduled adjudicatory hearing constitutes consent to a dependency adjudication.

**(d)–(f)** [No Change]

## RULE 8.340.   DISPOSITION HEARINGS

**(a)-(b)** [No Change]

**(c)     Orders of Disposition.** The court shall in its written order of disposition include:

(1)-(5) [No Change]

(6)     date, time, and location and communication technology information to be used to facilitate remote attendance at the~~of~~ next scheduled review hearing, as required by law;

(7)-(10) [No Change]

**Committee Notes**

[No Change]


**RULE 8.347.     MOTION TO SUPPLEMENT ORDER OF ADJUDICATION, DISPOSITION ORDER, AND CASE PLAN**

**(a)-(d)** [No Change]

**(e)     Notice.**

(1) [No Change]

*(2)     Summons.*

(A)-(G) [No Change]

(H) A party may consent to service or summons by e-mail by providing a primary e-mail address to the clerk of court.

**(f)-(i)** [No Change]

**RULE 8.350.   PLACEMENT OF CHILD INTO RESIDENTIAL TREATMENT CENTER AFTER ADJUDICATION OF DEPENDENCY**

**(a)    Placement.**

(1)-(7) [No Change]

(8)    *Notice of Hearing.* The child's attorney or guardian ad litem shall notify the child of the date, time, and place and communication technology information for~~of~~ the hearing. No hearing shall proceed without the presence of the child's attorney. The guardian ad litem may be excused by the court for good cause shown.

(9)-(11) [No Change]

**(b)-(d)** [No Change]


**RULE 8.505.   PROCESS AND SERVICE**

**(a)    Personal Service.** On the filing of a petition requesting the termination of parental rights, a copy of the petition and notice of the date, time, and place of the advisory hearing must be personally, or via primary e-mail address upon a party's consent, served on:

(1)-(9) [No Change]

**(b)-(d)** [No Change]


**RULE 8.510.   ADVISORY HEARING AND PRETRIAL STATUS CONFERENCES**

**(a)** [No Change]

**(b)** **Pretrial Status Conference.** Not less than 10 days before the adjudicatory hearing on a petition for involuntary termination of parental rights, the court shall conduct a pretrial status conference to determine the order in which each party may present witnesses or evidence, the order in which cross-examination and argument shall occur, which witnesses will be physically present and which will appear via audio-video communication technology, and any other matters that may aid in the conduct of the adjudicatory hearing.

**(c)** [No Change]

## RULE 8.525. ADJUDICATORY HEARINGS

**(a)–(c)** [No Change]

**(d)** **Presence of Parties.** All parties have the right to be present at all termination hearings. A party may appear in person or, at the discretion of the court for good cause shown, by ~~an audio or audiovisual device~~communication technology. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of this hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.

**(e)–(j)** [No Change]

## RULE 12.310. DEPOSITIONS UPON ORAL EXAMINATION

**(a)** [No Change]

**(b)     Notice; Method of Taking; Production at Deposition.**

(1)     A party desiring to take the deposition of any person upon oral examination must give reasonable notice in writing to every other party to the action. The notice must state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena must be attached to or included in the notice, and if the deposition is to be taken through the use of communication technology, the parties shall provide the subpoenaed documents no later than 5 days prior to the deposition.

(2)-(3) [No Change]

(4)     Any deposition may be audiovisually recorded ~~by videotape~~ without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.

(A)     Notice. In addition to the requirements in subdivision (b)(1), ~~a~~A party intending to ~~videotape~~audiovisually record a deposition must:

(i)     state ~~in the notice~~ that the deposition is to be ~~videotaped~~audiovisually recorded in the title of the notice; and

(ii)     ~~must~~identify the method for audiovisually recording the deposition and, if applicable, provide ~~give~~ the name and address of the operator of the audiovisual recording equipment in the body of the notice. ~~Any subpoena served on the person to be examined must state the method or methods for recording the testimony.~~

- 32 -

(B)    Court Reporter. ~~Videotaped~~Audiovisually recorded depositions must also be stenographically recorded by a certified court reporter, unless all parties agree otherwise. If all parties have agreed to waive the requirement of stenographic recording, then in addition to the requirements of subdivision (b)(4)(A), the notice or subpoena setting deposition shall set forth that agreement.

(C)    Procedure. At the beginning of the deposition, the officer before whom it is taken must, on camera: (i) identify the style of the action, (ii) state the date, and (iii) ~~swear in~~put the witness under oath as provided in subdivision (c)(1).

(D)    ~~Custody of Tape~~Responsibility for Recordings and Obtaining Copies. The attorney for the party, or the self-represented litigant, requesting the ~~videotaping~~audiovisual recording of the deposition must take custody of and be responsible for the safeguarding of the ~~videotape~~recording., ~~must permit the viewing of it by the opposing party, and, i~~ If requested, an attorney or self-represented litigant safeguarding a recording must provide a copy of the ~~videotape~~recording at the expense of the party requesting the copy unless the court orders otherwise. An attorney or self-represented litigant safeguarding a recording may condition providing a copy of the recording upon receipt of payment. An attorney or self-represented litigant who fails to safeguard a recording or provide a copy as set forth in this subdivision may be subject to sanctions.

(E)    Cost of ~~Videotaped~~Audiovisually Recorded Depositions. The party requesting the ~~videotaping~~audiovisual recording bears the initial cost of ~~videotaping~~the recording.

(5)-(6) [No Change]

(7)    A deposition may be taken by communication technology, as that term is defined in Florida Rule of General Practice and Judicial Administration 2.530, if stipulated by the parties or if ordered by the court on its own motion or ~~O~~on motion ~~the court may order that the testimony at a deposition be taken by~~

~~telephone~~of a party. A court official must determine whether good cause exists before authorizing the use of communication technology for the taking of a deposition, but a motion filed under this subdivision shall not require a hearing. The order may prescribe the manner in which the deposition will be taken. ~~A party may also arrange for a stenographic transcription at that party's own initial expense.~~In addition to the requirements of subdivision (b)(1), a party intending to take a deposition by communication technology must:

(A)    state that the deposition is to be taken using communication technology in the title of the notice; and

(B)    identify the specific form of communication technology to be used and provide instructions for access to the communication technology in the body of the notice.

(8) [No Change]

**(c)    Examination and Cross-Examination; Record of Examination; Oath; Objections; Transcription.**

(1)    Examination and cross-examination of witnesses may proceed as permitted at the trial. The officer before whom the deposition is to be taken must put the witness ~~on~~under oath and must personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness, except that when a deposition is being taken by ~~telephone~~communication technology under subdivision (b)(7), the witness must be ~~sworn by a person present with the witness who is qualified to administer an oath in that location~~put under oath as provided in Florida Rule of General Practice and Judicial Administration 2.530. The testimony must be taken stenographically or recorded via audio-video communication technology~~by any other means ordered in accordance with~~ under subdivision (b)(4). ~~If requested by one of the parties, the testimony must be transcribed at the initial cost of the requesting party and prompt notice of the request must be given to all other parties.~~ All objections made at the time of the examination to the qualifications

- 34 -

of the officer taking the deposition, the manner of taking it, the evidence presented, or the conduct of any party, and any other objection to the proceedings must be noted by the officer during the deposition. Any objection during a deposition must be stated concisely and in a nonargumentative and nonsuggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under subdivision (d). Otherwise, evidence objected to must be taken subject to the objections. Instead of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and that party must transmit them to the officer, who must propound them to the witness and record the answers verbatim.

(2)    If requested by a party, the testimony must be transcribed at the initial cost of the requesting party and prompt notice of the request must be given to all other parties. A party who intends to use an audio or audiovisual recording of testimony at a hearing or trial must have the testimony transcribed and must file a copy of the transcript with the court.

**(d)-(f)** [No Change]

**(g)    Obtaining Copies.** A party or witness who does not have a copy of the deposition may obtain it from the officer taking the deposition unless the court orders otherwise. If the deposition is obtained from a person other than the officer, the reasonable cost of reproducing the copies must be paid to the person by the requesting party or witness.

**(g̶h)** [No Change]

## Committee Notes

[No Change]

## RULE 12.320. DEPOSITIONS UPON WRITTEN QUESTIONS

**(a)** [No Change]

**(b)** **Officer to Take Responses and Prepare Record.** A copy of the notice and copies of all questions served must be delivered by the party taking the depositions to the officer designated in the notice, who must proceed promptly to take the testimony of the witness in the manner provided by rules 12.310(c), (e), and (f) in response to the questions and to prepare the deposition, attaching the copy of the notice and the questions received by the officer. The questions must not be filed separately from the deposition unless a party seeks to have the court consider the questions before the questions are submitted to the witness. Any deposition may be audiovisually recorded without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with rule 12.310(b)(4).

## RULE 12.407. TESTIMONY AND ATTENDANCE OF MINOR CHILD

**(a)** **Prohibition.** Unless otherwise provided by law or another rule of procedure, children who are witnesses, potential witnesses, or related to a family law case, are prohibited from being deposed or brought to a deposition, from being subpoenaed to appear at any family law proceeding, or from attending any family law proceedings without prior order of the court based on good cause shown. In addition to in-person proceedings, this rule applies to family law proceedings held remotely via communication technology. The parties, counsel, and the court must ensure that children are not present or nearby during any remote proceedings or able to overhear any remote proceedings.

**(b)-(c)** [No Change]

## Court Commentary

**1995 Adoption.** This rule is intended to afford additional protection to minor children by avoiding any unnecessary involvement of children in family law litigation. While due process considerations prohibit an absolute ban on child testimony, this rule requires that a judge determine whether a child's testimony is necessary and relevant to issues before the court prior to a child being required to testify.

**2022 Amendment.** The ambit of the rule is expanded to include remote proceedings conducted via communication technology and requires the court, parties, and counsel to ensure that minor children are not present during or do not overhear such remote proceedings.

## Committee Notes

[No Change]

## RULE 12.410. SUBPOENA

**(a)-(d)** [No Change]

**(e)    Subpoena for Taking Depositions.**

(1)    Filing a notice to take a deposition as provided in rule 12.310(b) or 12.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action. The subpoena must state the method for recording the testimony. A party intending to audiovisually record a deposition must state in the subpoena that the deposition is to be audiovisually recorded and identify the method for audiovisually recording the deposition, including, if

- 37 -

applicable, the name and address of the operator of the audiovisual recording equipment. If a party intends to take a deposition by communication technology, the subpoena must state the deposition is to be taken using communication technology, identify the specific form of communication technology to be used, and provide instructions for access to the communication technology. The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 12.280(c), but in that event the subpoena will be subject to the provisions of rule 12.280(d) and subdivision (c) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition upon notice to the deponent.

(2) [No Change]

**(f)-(h)** [No Change]

**Committee Notes**

[No Change]

**RULE 12.430.  DEMAND FOR JURY TRIAL; WAIVER**

**(a)-(c)** [No Change]

**(d)    Juror Participation Through Audio-Video Communication Technology.** Prospective jurors may participate in voir dire or empaneled jurors may participate in the jury trial

through audio-video communication technology, as described in Florida Rule of General Practice and Judicial Administration 2.530, if stipulated by the parties in writing and authorized by the court. The written stipulation and a written motion requesting authorization must be filed with the court within 60 days after service of a demand under subdivision (b), or within such other period as may be directed by the court.

**(d<u>e</u>)  Waiver.** A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties, but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion. A demand for trial by jury may not be withdrawn without the consent of the parties.

## RULE 12.440.  SETTING ACTION FOR TRIAL

**(a)** [No Change]

**(b)    Notice for Trial.** Any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice must include an estimate of the time required ~~and~~, indicate whether the trial is on the original action or a subsequent proceeding, and, if applicable, indicate that the court has authorized the participation of prospective jurors or empaneled jurors through audio-video communication technology under rule 12.430(d). The clerk must then submit the notice and the case file to the court. If there are any issues to be tried by jury, the notice for trial must so state.

**(c)-(d)** [No Change]

### Commentary

[No Change]

## ~~RULE 12.451.  TAKING TESTIMONY~~

**(a) Testimony at Hearing or Trial.** ~~When testifying at a hearing or trial, a witness must be physically present unless otherwise provided by law or rule of procedure.~~

**(b) Communication Equipment.** ~~The court may permit a witness to testify at a hearing or trial by contemporaneous audio or video communication equipment (1) by agreement of the parties or (2) for good cause shown upon written request of a party upon reasonable notice to all other parties. The request and notice must contain the substance of the proposed testimony and an estimate of the length of the proposed testimony. In considering sufficient good cause, the court shall weigh and address in its order the reasons stated for testimony by communication equipment against the potential for prejudice to the objecting party.~~

**(c) Required Equipment.** ~~Communication equipment as used in this rule means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other simultaneously and permits all conversations of all parties to be audible to all persons present. Contemporaneous video communication equipment must make the witness visible to all participants during the testimony. For testimony by any of the foregoing means, there must be appropriate safeguards for the court to maintain sufficient control over the equipment and the transmission of the testimony, so that the court may stop the communication to accommodate objection or prevent prejudice.~~

**(d) Oath.** ~~Testimony may be taken through communication equipment only if a notary public or other person authorized to administer oaths in the witness's jurisdiction is present with the witness and administers the oath consistent with the laws of that jurisdiction.~~

**(e) Burden of Expense.** ~~The cost for the use of the communication equipment is the responsibility of the requesting party unless otherwise ordered by the court.~~

## RULE 12.740. FAMILY MEDIATION

**(a)** [No Change]

**(b)** **Referral.** Except as provided by law and this rule, all contested family matters and issues may be referred to mediation. Every effort ~~shall~~must be made to expedite mediation of family issues. Such referral, or written stipulation of the parties, may provide for mediation or arbitration in person, remotely via audio or audio-video communication technology, or a combination thereof. Absent direction in the order of referral, mediation or arbitration must be conducted in person, unless the parties stipulate or the court, on its own motion or on motion by a party, otherwise orders that the proceeding be conducted by communication technology or by a combination of communication technology and in-person participation.

**(c)** [No Change]

**(d)** **Appearances.** ~~Unless otherwise stipulated by the parties,~~ ~~a~~A party is deemed to appear ~~at a family mediation convened pursuant to this rule~~ if the named party is physically present at the mediation conference or, if permitted by court order or written stipulation of the parties, present via communication technology. In the discretion of the mediator and with the agreement of the parties, family mediation may proceed in the absence of counsel unless otherwise ordered by the court.

**(e)** [No Change]

**(f)** **Report on Mediation.**

(1) If agreement is reached as to any matter or issue, including legal or factual issues to be determined by the court, the agreement shall be reduced to writing, signed by the parties ~~and their counsel, if any and if present~~, and submitted to the court

unless the parties agree otherwise. By stipulation of the parties, the agreement may be electronically or stenographically recorded and made under oath or affirmed. In such event, an appropriately signed transcript may be filed with the court. Signatures may be original, electronic, or facsimile, and may be in counterparts.

(2)-(3) [No Change]

## Commentary

**1995 Adoption.** This rule is similar to former Florida Rule of Civil Procedure 1.740. All provisions concerning the compensation of the mediator have been incorporated into this rule so that all mediator compensation provisions are contained in one rule. Additionally, this rule clarifies language regarding the filing of transcripts, the mediator's responsibility for mailing a copy of the agreement to counsel, and counsel's filing of written objections to mediation agreements.

**2022 Amendment.** The phrase "audio or audio-video communication technology" is added to the rule to make the rule consistent with amendments to the Rules of General Practice and Judicial Administration.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
## FAMILY LAW FORM 12.980(a)
## PETITION FOR INJUNCTION FOR PROTECTION AGAINST
## DOMESTIC VIOLENCE (10/22)

### When should this form be used?

If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. **Domestic violence includes**: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner's family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:

1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner's child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.

The domestic violence laws only apply to your situation if the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your children whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 43 -

single dwelling unit.  If the respondent is not one of the above, you should look at **Petition for Injunction for Protection Against Repeat Violence**, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or **Petition for Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or **Petition for Injunction for Protection Against Sexual Violence,** Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.

If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents, custodians, or your legal guardian must sign this petition with you.

This form should be typed or printed in black ink.  You should complete this form (giving as much detail as possible) and sign it in front of a **notary public** or the **clerk of the circuit court** in the county where you live.  The clerk will take your completed **petition** to a **judge**.  You should keep a copy for your records.  If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an **imminent danger of domestic violence** exists, the judge will sign either an immediate **Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(1) or an immediate **Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(2).  A temporary injunction is issued without notice to the respondent.  The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent.  The temporary injunction will take effect immediately after the respondent is served with a copy of it.  It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first.  The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**.  This means that the judge has considered only the information presented by one side—YOU.  The temporary injunction gives a date that you must appear in court for a hearing.  At that hearing, you will be expected to testify about the facts in your petition.  The respondent will be given the opportunity to testify at this hearing, also.  At the hearing, the judge will decide whether to issue either a **Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(d)(1), or a **Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren)(After Notice),** Florida Supreme Court Approved Family Law Form 12.980(d)(2).  Either of these final judgments will remain in effect for a specific time period or until modified or dissolved by the court.  **If either you or the respondent do not appear at the final hearing, the temporary injunction may be continued in force,**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

– 44 –

**extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one <u>certified copy</u> of the injunction with you at all times!**

## What can I do if the judge denies my petition?

If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition, unless you request that no hearing be set. The respondent will be notified by **<u>personal service</u>** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence**, Florida Family Law Form 12.980 (g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **<u>bold underline</u>** are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see Chapter 741, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration.** If you elect to participate in electronic

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 45 -

service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at [www.flcourts.org](www.flcourts.org) through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

# Special notes . . .

With this form you may also need to file the following:
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your **parenting plan** or **time-parenting plan** means a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren) and must contain a time-sharing schedule for the parents and child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)'s education, health care, and physical, social, and emotional well-being. In creating the plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The parenting plan shall be developed and agreed to by the parents and approved by a court, or established by the court, with or without the use of a court-ordered parenting plan recommendation. If the parents cannot agree, or if the parents agreed to a plan that is not approved by the court, a parenting plan shall be established by the court. "**Time-sharing schedule**" means a timetable that must be included in the parenting plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent. If developed and agreed to by the parents of a minor child, it must be approved by the court. If the parents cannot agree, of if their agreed-upon schedule is not approved by the court, the schedule shall be established by the court.
- **Notice of Related Cases,** Florida Family Law Rules of Procedure Form 12.900(h), must be completed and filed.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are asking the court to determine issues of temporary child support.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.

Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 47 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION
# AGAINST DOMESTIC VIOLENCE

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

## SECTION I.  PETITIONER

*(This section is about you.  It must be completed.  However, **if you fear that disclosing your address to the respondent would put you in danger**, you should complete and file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)*

1. Petitioner's current address is: *{street address}* _____
   *{city, state and zip code}* _____
   Telephone Number: *{area code and number}* _____
   Physical description of Petitioner:
   Race: _____ Sex: Male _____ Female _____ Date of Birth: _____

2. Petitioner's attorney's name, address, and telephone number is: _____
   _____.
   (If you do not have an attorney, write none.)

## SECTION II.  RESPONDENT

(This section is about the person you want to be protected from.  It must be completed.)

1. Respondent's current address is: *{street address, city, state, and zip code}* _____
   _____.
   Respondent's Driver's License number is: *{if known}* _____.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 48 -

2. Respondent is: *{Indicate all that apply}*
   a. _____ the spouse of Petitioner.
       Date of Marriage: _____
   b. _____ the former spouse of Petitioner.
       Date of Marriage: _____
       Date of Dissolution of Marriage: _____
   c. _____ related by blood or marriage to Petitioner.
       Specify relationship: _____
   d. _____ a person who is or was living in one home with Petitioner, as if a family.
   e. _____ a person with whom Petitioner has a child in common, even if Petitioner and Respondent never were married or living together.

3. Petitioner has known Respondent since *{date}* _____

4. Respondent's last known place of employment: _____
   Employment address: _____
   Working hours: _____

5. Physical description of Respondent:
   Race: _____ Sex: Male _____ Female _____ Date of Birth: _____
   Height: _____ Weight: _____ Eye Color: _____ Hair Color: _____
   Distinguishing marks or scars: _____
   Vehicle: (make/model) _____ Color: _____ Tag Number: _____

6. Other names Respondent goes by (aliases or nicknames): _____

7. Respondent's attorney's name, address, and telephone number is: _____
   _____

   (If you do not know whether Respondent has an attorney, write unknown. If Respondent does not have an attorney, write none.)

**SECTION III. CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Has Petitioner ever received or tried to get an injunction for protection against domestic violence against Respondent in this or any other court?
   _____ Yes _____ No   If yes, what happened in that case? *{Include case number, if known}*
   _____
   _____
   _____
   _____.

2. Has Respondent ever received or tried to get an injunction for protection against domestic violence against Petitioner in this or any other court?
   _____ Yes _____ No   If yes, what happened in that case? *{Include case number, if known}*

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

– 49 –

_____
_____ .

3. Describe **any other** court case that is either going on now or that happened in the past, including a dissolution of marriage, paternity action, or child support enforcement action, **between Petitioner and Respondent** *{Include city, state, and case number, if known}*: _____
_____ .

4. Petitioner is either a victim of domestic violence or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence because respondent has: *{Mark all sections that apply and describe in the spaces below the incidents of violence or threats of violence, specifying when and where they occurred, including, but not limited to, locations such as a home, school, place of employment, or time-sharing exchange}*

   a. _____committed or threatened to commit domestic violence defined in s. 741.28, Florida Statutes, as any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another. With the exception of persons who are parents of a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.
   b. _____previously threatened, harassed, stalked, or physically abused the petitioner.
   c. _____attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
   d. _____threatened to conceal, kidnap, or harm the petitioner's child or children.
   e. _____intentionally injured or killed a family pet.
   f. _____used, or has threatened to use, against the petitioner any weapons such as guns or knives.
   g. _____physically restrained the petitioner from leaving the home or calling law enforcement.
   h. _____a criminal history involving violence or the threat of violence (if known).
   i. _____another order of protection issued against him or her previously or from another jurisdiction (if known).
   j. _____destroyed personal property, including, but not limited to, telephones or other communication equipment, clothing, or other items belonging to the petitioner.
   k. _____engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.

   Below is a brief description of the latest act of violence or threat of violence that causes Petitioner to honestly fear imminent domestic violence by Respondent.

   *{Please begin your narrative below. Use additional pages if necessary but please do not write in the margins or on the back of any of the pages Please indicate below if you are using additional pages.}*
   On *{date}* _____, at *{location}* _____,

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 50 -

Respondent:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

_____ Please indicate here if you are attaching additional pages to continue these facts.

5.  Additional Information
    *{Indicate **all** that apply}*
    a. _____ Other acts or threats of domestic violence as described on attached sheet.
    b. _____ This or other acts of domestic violence have been previously reported to *{person or agency}*: _____
    c. _____ Respondent owns, has, and/or is known to have guns or other weapons.
       Describe weapon(s): _____
    d. _____ Respondent has a drug problem.
    e. _____ Respondent has an alcohol problem.
    f. _____ Respondent has a history of mental health problems. If checked, answer the following, if known:
       Has Respondent ever been the subject of a Baker Act proceeding? _____ Yes _____ No
       Is Respondent supposed to take medication for mental health problems? _____ Yes _____ No
       If yes, is Respondent currently taking his/her medication? _____ Yes _____ No

**SECTION IV.  TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME** (Complete this section **only** if you want the Court to grant you temporary exclusive use and possession of the home that you share with the Respondent.)
    1.  Petitioner claims the following about the home that Petitioner and Respondent share or that Petitioner left because of domestic violence:
        *{Indicate **all** that apply}*
        a. _____ Petitioner needs the exclusive use and possession of the home that the parties share at
           *{street address}* _____ ,
           *{city, state, zip code}* _____ .
        b. _____ Petitioner cannot get another safe place to live because: _____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 51 -

_____

_____ .

   c. _____ If kept out of the home, Respondent has the money to get other housing or may live without money at *{street address}* _____ , *{city, state, zip code}* _____ .

2. The home is:

   *{Choose **one** only}*

   a. _____ owned or rented by Petitioner and Respondent jointly.

   b. _____ solely owned or rented by Petitioner.

   c. _____ solely owned or rented by Respondent.

**SECTION V.  TEMPORARY PARENTING PLAN WITH TEMPORARY TIME-SHARING SCHEDULE FOR MINOR CHILDREN** *(Complete this section **only** if you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party.  You must be the natural parent, adoptive parent, or guardian by court order of the minor child or children.  If you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party, you must also complete and file a **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d)).*

**Note:  If the paternity of the minor children listed below has not been established through either marriage or court order, the Court may deny a request to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children, and/or a request for child support.**

1. Petitioner is the natural parent, adoptive parent, or guardian by court order of the minor children whose name(s) and age(s) are listed below.

| **Name** | **Birth date** |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

2. The minor children for whom Petitioner is asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to:

   *{Choose **one** only}*

   a. _____ saw the domestic violence described in this petition happen.

   b. _____ were at the place where the domestic violence happened but did not see it.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 52 -

c. _____ were not there when the domestic violence happened this time but have seen previous acts of domestic violence by Respondent.

d. _____ have not witnessed domestic violence by Respondent.

3. Name **any other** minor children who were there when the domestic violence happened. Include children's name, age, and parents' names. _____

_____

_____

_____ .

4. **Temporary Parenting Plan and Temporary Time-Sharing Schedule**

   *{Indicate **all** that apply}*

   a. _____ Petitioner requests that the Court provide a temporary parenting plan, including a temporary time-sharing schedule, with regard to the minor child or children of the parties, as follows: _____

   _____

   _____

   _____ .

   b. _____ Petitioner requests that the Court order supervised exchange of the minor children or exchange through a responsible person designated by the Court. The following person is suggested as a responsible person for purposes of such exchange. *{Explain}:* _____

   _____

   _____ .

   c. _____ Petitioner requests that the Court limit time-sharing by Respondent with the minor children. *{Explain}:* _____

   _____

   _____ .

   d. _____ Petitioner requests that the Court **prohibit** time-sharing by Respondent with the minor children because Petitioner genuinely fears that Respondent imminently will abuse, remove, or hide the minor children from Petitioner. *{Explain}:* _____

   _____

   _____ .

   e. _____ Petitioner requests that the Court allow only supervised time-sharing by Respondent with the minor children. *Explain:* _____

   _____ .

   Supervision should be provided by a Family Visitation Center, or other *(specify)*:

   _____ .

**SECTION VI.  EXCLUSIVE CARE, POSSESSION, OR CONTROL OF FAMILY PET(S)** *(Complete this section only if you are seeking exclusive care, possession, or control of an animal owned, possessed, harbored, kept, or held by you (the Petitioner), the Respondent, or a minor child residing in either your residence or household or Respondent's residence or household.  The court may order the Respondent to have no contact with the animal and may prohibit the Respondent from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal. You may not request to have exclusive care, possession, or control of*

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 53 -

*an animal owned primarily for a bona fide agricultural purpose, as defined in section 193.461, Florida Statutes, or a service animal, as defined in section 413.08, Florida Statutes, if Respondent is the service animal's handler.)  {Indicate **all** that apply}.*

    1. _____ Petitioner requests to have exclusive care, possession, and control of the following animal(s) which are owned, possessed, harbored, kept, or held by Petitioner, Respondent, or a minor child residing in Petitioner's or Respondent's residence or household: _____
_____
_____
_____.

    2. _____ Petitioner requests that Respondent have no contact with the following animal(s) and be prohibited from taking, transferring, encumbering, concealing, harming, or otherwise disposing of them _____
_____
_____
_____.

**SECTION VII.  TEMPORARY SUPPORT** *(Complete this section **only** if you are seeking financial support from the Respondent.  You must also complete and file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if you are seeking child support. A **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), must be filed with the court at or prior to a hearing to establish or modify child support.)*

*{Indicate **all** that apply}*

    1. _____ Petitioner claims a need for the money he or she is asking the Court to make Respondent pay, and that Respondent has the ability to pay that money.

    2. _____ Petitioner requests that the Court order Respondent to pay the following temporary alimony to Petitioner.  (Petitioner must be married to Respondent to ask for temporary alimony.) Temporary Alimony Requested $_____ every: _____ week _____ other week _____ month.

    3. _____ Petitioner requests that the Court order Respondent to pay the following temporary child support to Petitioner.  (The Respondent must be the natural parent, adoptive parent, or guardian by court order of the minor children for the court to order the Respondent to pay child support.)  Temporary child support is requested in the amount of $_____ every: _____ week _____ other week _____ month.

**SECTION VIII.  INJUNCTION** (This section summarizes what you are asking the Court to include in the injunction.  This section must be completed.)

    1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against domestic violence that will be in place from now until the scheduled hearing in this matter.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 54 -

2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment on injunction prohibiting Respondent from committing any acts of domestic violence against Petitioner **and**:

a. prohibiting Respondent from going to or within 500 feet of any place the Petitioner lives;

b. prohibiting Respondent from going to or within 500 feet of the Petitioner's place(s) of employment or school; the address of Petitioner's place(s) of employment or school is:

_____
_____;

c. prohibiting Respondent from contacting Petitioner by mail, by telephone, through another person, or in any other manner;

d. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle;

e. prohibiting Respondent from defacing or destroying Petitioner's personal property;

*{Indicate **all** that apply}*

f. _____ prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's minor children must go often {include address}: _____

_____
_____;

g. _____ granting Petitioner temporary exclusive use and possession of the home Petitioner and Respondent share;

h. _____ granting Petitioner on a temporary basis 100% of the time sharing with the parties' minor children;

i. _____ establishing a temporary parenting plan including a temporary time-sharing schedule for the parties' minor children;

j. _____ granting Petitioner exclusive care, possession, or control of the animal(s) identified in paragraph 1 of Section VI which are owned, possessed, harbored, kept or held by Petitioner, Respondent, or a minor child residing in Petitioner or Respondent's residence or household;

k. _____ prohibiting Respondent from having any contact with the animal(s) identified in paragraph 2 of Section VI or from taking, transferring, encumbering, concealing, harming, or otherwise disposing of them;

l. _____ granting temporary alimony for Petitioner;

m. _____ granting temporary child support for the minor children;

n. _____ ordering Respondent to participate in treatment, intervention, and/or counseling services;

o. _____ referring Petitioner to a certified domestic violence center; and any other terms the Court deems necessary for the protection of Petitioner and/or Petitioner's children, including injunctions or directives to law enforcement agencies, as provided in Section 741.30, Florida Statutes.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.  I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE**

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 55 -

**FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Dated: _____     _____
                                        Signature of Petitioner
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-Mail Address(es): _____
                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____ 20___, by _____.

                                        _____
                                        Signature of Notary Public

                                        _____
                                        Printed/Typed/Stamped Commissioned
                                        Name of Notary Public

☐ Personally Known OR ☐ Produced Identification
Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (10/22)

- 56 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(f), PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (10/22)

## When should this form be used?

If you or a member of your immediate family are a victim of **repeat violence**, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that **two** incidents of violence have been committed against you or a member of your immediate family by another person, **one of which must have been within 6 months of filing this petition.** Repeat violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against repeat violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or **affidavits** from eye-witnesses of, the specific facts and circumstances that form the basis of the petition.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an **immediate and present danger of repeat violence** to you or that family exists, the judge will sign a **Temporary Injunction for Protection Against Repeat Violence**, Florida Supreme Court Approved Family Law Form 12.980(k). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (10/22)

- 57 -

copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Repeat Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(l), which will remain in effect for a specific time period or until modified or dissolved by the court. **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one underline certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (10/22)

- 58 -

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at [www.flcourts.org](www.flcourts.org) through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (10/22)

- 59 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION
# AGAINST REPEAT VIOLENCE

I, *{full legal name}*_____, being sworn, certify that the following statements are true:

## SECTION I.  PETITIONER
(This section is about you. It must be completed.)

1.  Petitioner currently lives at the following address: *{address, city, state, zip code}* _____
    _____.

    *[Indicate **if** applicable]*
    _____**Petitioner seeks an injunction for protection on behalf of a minor child.**  Petitioner is the parent or legal guardian of *{full legal name}*_____, a minor child who is living at home.

2.  Petitioner's attorney's name, address, and telephone number is: _____
    _____.

    (If you do not have an attorney, write "none.")

## SECTION II. RESPONDENT
(This section is about the person you want to be protected from. It must be completed.)

1.  Respondent currently lives at the following address: *{address, city, state, and zip code}* _____
    _____.
    Respondent's Driver's License number is: *{if known}* _____.

2.  Petitioner has known Respondent since: *{date}* _____.

3.  Respondent's last known place of employment: _____
    Employment address: _____
    Working hours: _____

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (10/22)

- 60 -

4. Physical description of Respondent:
Race: _____ Sex: Male _____ Female _____ Date of Birth: _____
Height: _ Weight: _____ Eye Color: _____ Hair Color: _____
Distinguishing marks and/or scars: _____
Vehicle: (make/model) _____ Color: _____ Tag Number: _____

5. Other names Respondent goes by (aliases or nicknames): _____

6. Respondent's attorney's name, address, and telephone number is: _____
_____ .
(If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Has Petitioner ever received or tried to get an injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence against Respondent in this or any other court?
_____ Yes _____ No   If yes, what happened in that case? *{include case number, if known}*
_____
_____ .

2. Has Respondent ever received or tried to get an injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence against Petitioner in this or any other court?
_____ Yes _____ No If yes, what happened in that case? *{include case number, if known}*
_____
_____ .

3. Describe any other court case that is either going on now or that happened in the past between Petitioner and Respondent *{include case number, if known}*:
_____
_____ .

4. Respondent has directed at least two incidents of violence, meaning assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death against Petitioner or a member of Petitioner's immediate family.  One of these two incidents of violence has occurred within 6 months of the date of filing of this petition.  The most recent incident (including date and location) is described below.

On *{date}* _____ , at *{location}* _____ ,
Respondent _____
_____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (10/22)

- 61 -

_____

_____

_____

_____

_____

_____

_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

5. Other prior incidents (including dates and location) are described below:

On *{date}* _____, at *{location}*_____,
Respondent _____

_____

_____

_____

_____

_____

_____

_____

_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

6. Petitioner genuinely fears repeat violence by Respondent. Explain:_____

_____

_____

_____

_____

_____

_____

_____

_____.

7. **Additional Information**
   *[Choose **all** that apply]*
   a. ____Respondent owns, has, and/or is known to have guns or other weapons.
   Describe weapon(s): _____
   _____.

   b. ____This or prior acts of repeat violence have been previously reported to: *{person or agency}*
   _____.

**SECTION IV. INJUNCTION** (This section must be completed.)

1. ____Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against repeat violence that will be in place from now until the scheduled hearing in this matter.

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (10/22)

- 62 -

2. \_\_\_\_Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment of injunction prohibiting Respondent from committing any acts of violence against Petitioner **and**:

a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;

b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is:_____

_____ ;

c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

d. ordering Respondent not to use or possess any guns or firearms;

*[Indicate **all** that apply]*
e. \_\_\_\_prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often:_____

_____ .

f. \_\_\_\_prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle; and any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (10/22)

- 63 -

Dated: _____    _____
                                    Signature of Petitioner
                                    Printed Name: _____
                                    Address: _____
                                    City, State, Zip: _____
                                    Telephone Number: _____
                                    Fax Number: _____
                                    Designated E-Mail Address(es): _____
                                    _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____ 20__, by _____.


                                    _____
                                    Signature of Notary Public


                                    _____
                                    Printed/Typed/Stamped Commissioned
                                    Name of Notary Public

☐ Personally Known OR ☐ Produced Identification
Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (10/22)

- 64 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(n)
# PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE (10/22)

## When should this form be used?

If you are a victim of **dating violence**, and have reasonable cause to believe you are in **imminent danger** of becoming the victim of another act of dating violence, **or** if you have reasonable cause to believe that you are in **imminent danger** of becoming a victim of dating violence, you can use this form to ask the court for a protective order prohibiting dating violence. Dating violence means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature. **The dating relationship must have existed within the past six months, the nature of the relationship must have been characterized by the expectation of affection or sexual involvement between the parties, and the frequency and type of interaction must have included that the persons have been involved over time and on a continuous basis during the course of the relationship. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context.** Dating violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

## If you are filing on behalf of a child or children

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against dating violence on behalf of the minor child. With respect to a minor child who is living at home, if the party against whom the protective injunction is sought is also a parent, stepparent, or legal guardian, you, as the parent or legal guardian filing the petition, must have been an eye-witness to, or have direct physical evidence or **affidavits** from eye-witnesses of, the specific facts and circumstances that form the basis of the petition. If the party against whom the protective injunction is sought is a person **OTHER THAN** a parent, stepparent, or legal guardian of the minor child, you, as the parent or legal guardian filing the petition, must state why you have reasonable cause to believe that the minor child is a victim of dating violence.

## Additional Information

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (10/22)

- 65 -

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that an **immediate and present danger of dating violence** exists, the judge will sign a **Temporary Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(o). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Dating Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(p), which will remain in effect for a specific time period or until modified or dissolved by the court. **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of dating violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (10/22)

- 66 -

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at [www.flcourts.org](www.flcourts.org) through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (10/22)

- 67 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
     Petitioner,

     and

_____,
     Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

## SECTION I. PETITIONER
(This section is about you. It must be completed.)

1.  Petitioner currently lives at the following address: *{address, city, state, zip code}*_____
    _____.
    Date of Birth of Petitioner: _____.

    *[Indicate **if** applicable]*
    _____ **Petitioner seeks an injunction for protection on behalf of a minor child.** Petitioner is the parent or legal guardian of *{full legal name}*_____,
    a minor child who is living at home.

2.  Petitioner's attorney's name, address, and telephone number is: _____
    _____.
    (If you do not have an attorney, write "none.")

## SECTION II. RESPONDENT
(This section is about the person you want to be protected from. It must be completed.)

1.  Respondent currently lives at the following address: *{address, city, state, and zip code}*_____
    _____
    Respondent's Driver's License number is: *{if known}* _____

2.  Petitioner has known Respondent since *{date}* _____.

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (10/22)

3. Respondent's last known place of employment: _____

   Employment address: _____

   Working hours: _____

4. Physical description of Respondent:

   Race: _____          Sex: Male _____   Female _____   Date of Birth: _____

   Height: _____          Weight: _____   Eye Color: _____          Hair Color: _____

   Distinguishing marks and/or scars:

   Vehicle: (make/model) _____   Color: _____   Tag Number: _____

5. Other names Respondent goes by (aliases or nicknames): _____

   _____.

6. Respondent's attorney's name, address, and telephone number is: _____

   _____

   (If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

7. If Respondent is a minor, the address of Respondent's parent or legal guardian is:_____

   _____

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Have the Petitioner and Respondent been involved in a dating relationship within the past six months?  _____Yes   _____No

2. Describe the nature of the relationship between the Petitioner and *Respondent {Include the length of time of the relationship, the romantic or intimate nature of the relationship, the frequency or type of interaction, and any other facts that characterize the relationship}*

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.

   _____Please indicate here if you are attaching additional pages to continue these facts.

3. Has Petitioner ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence, or stalking against Respondent in this or any other court?

   _____ Yes _____ No    If yes, what happened in that case? *{Include case number, if known}*

   _____
   _____.

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (10/22)

- 69 -

4. Has Respondent ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence, or stalking against Petitioner in this or any other court?

_____ Yes    _____ No  If yes, what happened in that case? *{Include case number, if known}*

_____
_____
_____.

5. Describe **any other** court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{Include case number, if known}*:_____

_____
_____
_____
_____.

6. Respondent has directed an incident of violence, meaning assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death against Petitioner or a minor child living at home. The incident (including date and location) is described below.

On *{date}* _____, at *{location}* _____,

Respondent

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

7. Other prior incidents (including dates and location) are described below:

On *{date(s)}* _____, at *{location(s)}* _____,

Respondent _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (10/22)

- 70 -

_____
_____
_____
_____.
_____Please indicate here if you are attaching additional pages to continue these facts.

8. **Imminent Danger**
   *{Please complete **either** paragraph a or b below}*
   a. _____Petitioner is a victim of dating violence and has reasonable cause to believe he or she is in **imminent danger** of becoming a victim of another act of dating violence. *{Explain what Respondent has done to make you a victim of dating violence and to make you fear that you are in **imminent danger** of becoming a victim of another act of dating violence.}*

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.

   **OR**

   b. _____Petitioner has reasonable cause to believe he or she is in **imminent danger** of becoming a victim of dating violence as demonstrated by the fact that Respondent has: *{Explain what Respondent has done that makes you fear that you are in **imminent danger** of becoming a victim of dating violence.}*

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.

9. **Additional Information**
   *{Indicate **all** that apply}*
   a.____ Respondent owns, has, and/or is known to have guns or other weapons.
   Describe weapon(s):_____
   _____.

   b.____ This or prior acts of dating violence have been previously reported to: *{person or agency}*
   _____
   _____.

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (10/22)

- 71 -

**SECTION IV. INJUNCTION**
(This section must be completed.)

1. Petitioner asks the Court to enter a **TEMPORARY INJUNCTION** for protection against dating violence that will be in place from now until the scheduled hearing in this matter.
2. Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any acts of violence against Petitioner and:
    a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;
    b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends;  the address of Petitioner's place(s) of employment and/or school is:_____
    _____;
    c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;
    d. ordering Respondent not to use or possess any guns or firearms;

    *{Indicate **all** that apply}*
    e. ____prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often: _____

    _____
    _____
    _____;

    f. ____ prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle;
    and any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT.  I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (10/22)

- 72 -

Dated: _____     _____
                                                  Signature of Petitioner

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-Mail Address(es): _____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____ 20__, by _____.

_____

Signature of Notary Public

_____

Printed/Typed/Stamped Commissioned
Name of Notary Public

☐ Personally Known OR ☐ Produced Identification

Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (10/22)

- 73 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(q)
## PETITION FOR INJUNCTION FOR
## PROTECTION AGAINST SEXUAL VIOLENCE (10/22)

### When should this form be used?

If you are a victim of **sexual violence** or the parent or legal guardian of a minor child who is living at home and is a victim of sexual violence, you can use this form to ask the court for a protective order prohibiting sexual violence.  Sexual violence means any one incident of:
- sexual battery, as defined in Chapter 794, Florida Statutes;
- a lewd or lascivious act, as defined in Chapter 800, Florida Statutes, committed upon or in the presence of a person younger than 16 years of age;
- luring or enticing a child, as described in Chapter 787, Florida Statutes;
- sexual performance by a child, as described in Chapter 827, Florida Statutes; or
- any other forcible felony wherein a sexual act is committed or attempted

In order to get an injunction you must have reported the sexual violence to a law enforcement agency and be cooperating in the criminal proceeding if there is one. It does not matter whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney's office. You may also seek an injunction for protection against sexual violence if the respondent was sent to prison for committing one of the sexual violence crimes listed above against you or your minor child living at home and respondent is out of prison or is getting out of prison within 90 days of your petition. Attach the notice of inmate release to your petition.

Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are seeking an injunction for protection against sexual violence on behalf of a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or **affidavits** from eyewitnesses of, the specific facts and circumstances that form the basis of the petition. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or is the other parent of your child(ren) whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (10/22)

- 74 -

# What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that an immediate and present danger of violence exists, the judge will sign a **Temporary Injunction for Protection Against Sexual Violence**, Florida Supreme Court Approved Family Law Form 12.980(r). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first, unless the **respondent** is incarcerated, and in such instance the temporary injunction is effective for 15 days following the date the **respondent** is released from incarceration. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Sexual Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(s), which will remain in effect for a specific time period or until modified or dissolved by the court. **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

# What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of sexual violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980 (g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will provide you with necessary forms. For further information, see section 784.046, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (10/22)

- 75 -

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

If you fear that disclosing your address would put you in danger, you should complete a **Request for Confidential Filing of Address,** Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided for your address on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (10/22)

- 76 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.:_____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE

I, *{full legal name}* _____ being sworn, certify that the following statements are true:

**SECTION I. PETITIONER**
(This section is about you. It must be completed; however, **if you fear that disclosing your address to the respondent would put you in danger,** you should complete and file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address.)

1.  Petitioner currently lives at the following address: *{address, city, state, zip code}* _____
    _____.
    Date of Birth of Petitioner:_____

    *{Indicate **if** applicable}*
    _____ **Petitioner seeks an injunction for protection on behalf of a minor child.**
    Petitioner is the parent or legal guardian of *{full legal name}*_____
    _____, a minor child who is living at home.

2.  Petitioner's attorney's name, address, and telephone number is:_____
    _____
    (If you do not have an attorney, write "none.")

**SECTION II. RESPONDENT**
(This section is about the person you want to be protected from. It must be completed.)

1.  Respondent currently lives at the following address: *{address, city, state, and zip code}*
    _____
    _____
    Respondent's Driver's License number is: *{if known}* _____

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (10/22)

- 77 -

2. Respondent's last known place of employment:_____

   Employment address:_____

   Working hours: _____

3. Physical description of Respondent:

   Race: _____ Sex: Male _____ Female _____   Date of Birth:_____

   Height: _____ Weight: _____ Eye Color: _____ Hair Color: _____

   Distinguishing marks and/or scars: _____

   Vehicle: (make/model) _____ Color: _____ Tag Number:_____

4. Other names Respondent goes by (aliases or nicknames):_____

   _____.

5. Respondent's attorney's name, address, and telephone number is:_____

   _____

   (If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

6. If Respondent is a minor, the address of Respondent's parent or legal guardian is: _____

   _____.

**SECTION III.   CASE HISTORY AND REASON FOR SEEKING PETITION**
(This section must be completed.)

1. Petitioner has suffered sexual violence as shown by the fact that the Respondent has: *{describe the acts of violence}*_____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____ Please indicate here if you are attaching additional pages to continue these facts.

   *{Indicate **all** that apply}*

   a._____ Petitioner reported the sexual violence to law enforcement and is cooperating in any criminal proceeding. The incident report number by law enforcement is:_____. *{If there is a criminal case, include case number, if known}*_____.

   b._____Respondent was sent to prison for committing sexual violence against Petitioner or Petitioner's minor child living at home and Respondent is out of prison or is getting out of prison within 90 days.  The notice of inmate release is attached.

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (10/22)

- 78 -

2. Has Petitioner ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Respondent in this or any other court? _____ Yes _____No If yes, what happened in that case? *{Include case number, if known}*
_____
_____
_____.

3. Has Respondent ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Petitioner in this or any other court? _____ Yes _____ No If yes, what happened in that case? *{Include case number, if known}*
_____
_____
_____.

4. Describe any other court case that is either going on now or that happened in the past between Petitioner and Respondent *{Include case number, if known}*:_____
_____
_____
_____ _____.

5. **Additional Information**
   *{Indicate **all** that apply}*
   a. ____Respondent owns, has, and/or is known to have guns or other weapons.
   Describe weapon(s): _____

   b. ____This or prior acts of violence have been previously reported to: *{person or agency}*
   _____

## SECTION IV. INJUNCTION
(This section must be completed.)

1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against sexual violence that will be in place from now until the scheduled hearing in this matter.

2. Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any acts of violence against Petitioner and:
   a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;

   b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is:_____
   _____;

   c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing,

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (10/22)

- 79 -

through another person, or in any other manner;
d. ordering Respondent not to use or possess any guns or firearms;

*{Indicate **all** that apply}*
e._____ prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often: _____

_____ .
_____ ;

f. _____ prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle; AND any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Dated: _____     _____
                                        Signature of Petitioner
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-Mail Address(es):_____
                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____ 20___, by _____.

_____
Signature of Notary Public

_____
Printed/Typed/Stamped Commissioned
Name of Notary Public

☐ Personally Known OR ☐ Produced Identification
Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (10/22)

- 81 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(t) PETITION FOR INJUNCTION FOR PROTECTION AGAINST STALKING (10/22)

## When should this form be used?

If you are a victim of stalking, you can use this form to ask the court for a protective order prohibiting stalking. Stalking means the repeated following, harassment, or cyberstalking of one person by another. Cyberstalk means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.

Because you are making a request to the court, you are called the **petitioner**.  The person whom you are asking the court to protect you from is called the **respondent**.  If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, and are living at home, one of your parents or your legal guardian must sign this petition on your behalf.

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against stalking on behalf of the minor child.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you may, instead, choose to use the **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink.  You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in one of the following: the circuit where you currently or temporarily reside; the circuit where the respondent resides; or the circuit where the stalking occurred. The clerk will take your completed petition to a **judge**.  You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you. There is no filing fee for a petition for protection against stalking.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that stalking or cyberstalking exists, the judge will sign a **Temporary Injunction for Protection Against Stalking**, Florida Supreme Court Approved Family Law Form 12.980(u). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a **hearing** can be held or for a period of 15 days, whichever comes first.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (10/22)

- 82 -

The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition.  The respondent will be given the opportunity to testify at this hearing also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Stalking (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(v), which will remain in effect for a specific time period or until modified or dissolved by the court. **If either you or the respondent do not appear at the hearing, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and the respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR THE RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition or does not issue a Temporary Injunction?

If your petition is denied, you may amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g). If the only ground for not granting an ex parte temporary injunction is no appearance of immediate and present danger of stalking, the court shall set a full hearing on your petition for injunction at the earliest possible time. The respondent will be notified by **personal service** of your petition and the hearing.  You must attend the hearing, present facts, and bring evidence that supports your petition; failure to attend the hearing may result in dismissal of your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.0485, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (10/22)

- 83 -

the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at [www.flcourts.org](www.flcourts.org) through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

If you require that your address be confidential for safety reasons, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit. You should then write confidential in the space provided on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (10/22)

- 84 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## PETITION FOR INJUNCTION FOR PROTECTION AGAINST STALKING

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

**SECTION I.  PETITIONER**

(This section is about you. It must be completed; **however, if you require that your address be confidential for safety reasons,** you should complete and file a **Request for Confidential Filing of Address,** Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)

1.  Petitioner resides at the following address: *{address, city, state, zip code}* _____
    _____.

    *{Indicate **if** applicable}*
    _____**Petitioner seeks an injunction for protection on behalf of a minor child.** Petitioner is the
        parent or legal guardian of *{full legal name}*_____,
        a minor child who is living at home.

2.  Petitioner's attorney's name, address, and telephone number is: _____
    _____.
    (If you do not have an attorney, write "none.")

**SECTION II. RESPONDENT**

(This section is about the person you want to be protected from. It must be completed.)

1.  Respondent resides at the following address: *{provide last known street address, city, state, and zip code}* _____
    _____.

2.  Respondent's last known place of employment: _____
    Employment address: _____
    Working hours of Respondent: _____

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (10/22)

- 85 -

3. Physical description of Respondent:
   Race: _____ Sex: Male_____ Female _____ Date of Birth: _____
   Height: _ Weight: _____ Eye Color: _____ Hair Color: _____
   Distinguishing marks and/or scars: _____
   Vehicle: (make/model)_____ Color:_____ Tag Number *(if known)*_____

4. Other names Respondent goes by (*aliases or nicknames*): _____
   _____.

5. Respondent's attorney's name, address, and telephone number is: _____
   _____.
   (If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does
   not have an attorney, write "none.")

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Has Petitioner ever received or tried to get an injunction for protection against stalking against
   Respondent in this or any other court?
   _____ Yes _____ No      If yes, what happened in that case? *{Include case number, if known}*

   _____
   _____.

2. Has Respondent ever received or tried to get an injunction for protection against stalking against
   Petitioner in this or any other court?
   _____ Yes _____ No      If yes, what happened in that case? *{Include case number, if known}*_____

   _____.

3. Describe any other court case that is either going on now or that happened in the past **between
   Petitioner and Respondent** *{Include case number, if known}*:

   _____
   _____.

4. Petitioner is a victim of stalking because Respondent has: *{please mark all sections that apply}*
   a. _____ Committed stalking;
   b._____Previously threatened, harassed, stalked, cyberstalked, or physically abused the
           Petitioner;
   c._____Threatened to harm Petitioner or family members or individuals closely associated
            with Petitioner;
   d._____ Intentionally injured or killed a family pet;
   e._____ Used, or threatened to use, against Petitioner any weapons such as guns or knives;
   f._____A criminal history involving violence or the threat or violence, if known;
   g._____ Another order of protection issued against him or her previously from another
            jurisdiction, if known;
   h._____ Destroyed personal property, including, but not limited to, telephones or other
       communication equipment, clothing, or other items belonging to Petitioner.

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking
(10/22)

- 86 -

5. Below is a description of the specific incidents of stalking or cyberstalking: *{for cyberstalking, please include a description of all evidence of contacts and/or threats made by Respondent in voice messages, texts, emails, or other electronic communication}*
On *{dates}*_____ the following incidents of stalking occurred at the following locations: *{the locations may include, but need not be limited to, a home, school, or place of employment}*

_____
_____
_____
_____
_____
_____
_____
_____
_____ .
_____Please indicate here if you are attaching additional pages to continue these facts.

6. **Additional Information**
_____Respondent owns, has, and/or is known to have guns or other weapons.
Describe weapon(s) and where they may be located, if known: _____
_____ .

## SECTION IV.  INJUNCTION  *{This section must be completed}*

1. Petitioner asks the Court to enter a **TEMPORARY INJUNCTION** for protection against stalking that will be in place from now until the scheduled hearing in this matter, which will immediately restrain Respondent from committing any acts of stalking, and which will provide any terms the Court deems necessary for the protection of a victim of stalking, including any injunctions or directives to law enforcement agencies.

2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a **FINAL JUDGMENT** for protection against stalking prohibiting Respondent from committing any acts of stalking against Petitioner **and**:

   a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives, or to any specified place regularly frequented by Petitioner and any named family members or individuals closely associated with Petitioner; _____
   _____ .

   b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends;  the address of Petitioner's place(s) of employment and/or school is:_____
   _____ ;
   c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

   d. ordering Respondent that he or she shall not have in his or her care, custody, possession, or control any firearm or ammunition;

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (10/22)

- 87 -

e. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle, whether or not that vehicle is occupied;

3. Petitioner asks the Court to enter any other terms it deems necessary to protect Petitioner from stalking by Respondent.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-Mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____ 20__, by _____.

_____
Signature of Notary Public

_____
Printed/Typed/Stamped Commissioned
Name of Notary Public

☐ Personally Known OR ☐ Produced Identification
Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (10/22)